IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII,<br><br>  Plaintiff,<br><br>vs.<br><br>KAPANA B. THRONAS-KAHOONEI,<br><br>  Defendants. | CIV. NO. 19-00682 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO REMAND ACTION |

FINDINGS AND RECOMMENDATION TO REMAND ACTION

On December 23, 2019, Defendant Kapana B. Thronas-Kahoonei ("Defendant") filed a Notice of Removal and cited 28 U.S.C. §§ 1331 and 1441(a) and (c) as bases for jurisdiction.  Defendant purports to remove a state court proceeding that he claims is before the Hawaii Intermediate Court of Appeals and/or Hawaii Supreme Court in September 2019.[1]  Defendant states that Plaintiff's complaint "seeks judgment against [him] for injuries Plaintiff[ ] allegedly suffered as a result of, "Promotion of a det. Drug 3rd degree & Resisting arrest; physical force" claims against him  "are based on theories

---

[1] In the caption of the Notice of Removal, Defendant identifies CAAP-19-0000638 as the case number for his case that was before the Hawaii Intermediate Court of Appeals. Defendant also identifies his state circuit court case as 5PC-19-0000061.  To clarify, at the time the Notice of Removal was filed, the Fifth Circuit case 5PC-19-0000061 was on appeal before the Hawaii Intermediate Court of Appeals as case number CAAP-19-0000638.  Information regarding the state court criminal proceedings was obtained from eCourt Kokua, the state judiciary information management system, found at https://www.courts.state.hi.us/legal_references/records/jims_system_availability.  On March 16, 2020, the Hawaii Intermediate Court of Appeals issued an order dismissing CAAP-19-0000638 for lack of appellate jurisdiction.

of strict products liability, negligent misinterpretations, negligence, and breach of warranty." ECF No. 1. Based on Defendant's allegations, referenced state court proceedings, and Exhibit "A" to the Notice of Removal, it appears that Defendant's seeks removal of a state court criminal prosecution against him.

On January 14, 2020, Defendant filed a second Notice of Removal and identified himself as the Plaintiff. ECF No. 10. Removal of a case does not convert the Defendant into a plaintiff. In addition, the second Notice of Removal asserts the same arguments for jurisdiction and venue. As such, the Court shall disregard the second Notice of Removal.

As stated below, the Court FINDS and RECOMMENDS that this action was improperly removed and should be remanded.

## DISCUSSION

Defendant claims that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1441 and that venue is proper because of the state court action pending in Hawaii. Removal is a procedure created by federal statute that allows defendants in state court to remove the case to federal court if the plaintiff's action could have been properly filed in federal court. Section 1441(a) authorizes removal of an action by a defendant and provides:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, **any civil action** brought in a State court of which the district courts of the United States have **original jurisdiction**, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28

U.S.C. § 1331.  A strong presumption exists against removal jurisdiction.  <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  "[T]he defendant always has the burden of establishing removal is proper, and . . . the court resolves all ambiguity in favor of remand to state court."  <u>Id.</u>

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court."  <u>Hunter</u>, 582 F.3d at 1042 (citing <u>Ansley v. Ameriquest Mortgage Co.</u>, 340 F.3d 858, 861 (9th Cir. 2003)) (citation and internal quotations omitted).  "In determining the presence or absence of federal jurisdiction, [the court] appl[ies] the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>California ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838 (9th Cir. 2004) (citing <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987)) (internal quotations omitted). "The federal issue 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'"  <u>California ex rel. Lockyer</u>, 375 F.3d at 838 (citing <u>Gully v. First Nat'l Bank in Meridian</u>, 299 U.S. 109, 112 (1936)) ("a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").  "It is settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." <u>Hunter</u>,

3

582 F.3d at 1042-43 (citing Franchise Tax Bd. V. Constr. Laborers Vacation Trust, 463 U.S. 1, 14 (1983).

In this case, Defendant seeks to remove a state criminal proceeding to federal court. Section 1441 only authorizes the removal of state civil actions and does not authorize the removal of state criminal actions. 28 U.S.C. § 1441. As such, the removal of the state court criminal prosecution in this case is improper. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006) ("section 1441 provides only for civil removal").

However, criminal prosecutions commenced in state court may be removed in limited circumstances. See 28 U.S.C. § 1442(a) (authorizing removal of a civil action or criminal prosecution commenced in state court against federal officers or agencies); 28 U.S.C. § 1442a (allowing removal of a civil or criminal prosecution in a state court against a member of the armed forces). Such removals must be effectuated "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). Here, Defendant does not argue that either of these limited circumstances apply. Defendant does not claim that he is a federal officer or a member of the armed forces. As such, the Court finds that these statutes do not apply to this case. Further, even assuming Defendant's personal circumstances allowed for removal under these statutes, the Fifth Circuit proceeding has already been tried before a jury and a verdict in the case was filed on August 29, 2019. Thus, under 28 U.S.C. § 1455(b)(1), even if allowed, removal at this stage would be untimely.

4

Accordingly, the Court FINDS that 28 U.S.C. § 1442 does not authorize the removal of this case and as such, removal was improper.

## CONCLUSION

The Court FINDS that the removal of this action was improper. The Court lacks jurisdiction and FINDS and RECOMMENDS that this case be remanded to the state court.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 22, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____
Civ. No. 19-00682 LEK-RT; *State of Hawaii v. Kapana B. Thronas-Kahoonei*; Findings and Recommendation to Remand Action